## STATE ex FULTON v SOLLARS

Ohio Appeals, 4th Dist, Highland Co

Decided July 11, 1936

John W. Bricker, Attorney General, Columbus, J. Frank Wilson, Hillsboro, and Curtis E. Wilson, Hillsboro, for plaintiff in error.

John P. Phillips, Jr., Chillicothe, for defendant in error.

### OPINION

By MIDDLETON, PJ.

The facts involved in this proceeding do not require extended notice. The record fairly establishes that Madge B. Sollars loaned to the Leesburg Bank twenty shares of Proctor & Gamble common stock of the then agreed value of $1,400. This stock under the agreement was to be used by the bank with other stock to secure a loan of the Leesburg Bank from a bank in Cincinnati. To secure Mrs. Sollars from any loss in the transaction the Leesburg Bank gave her four cognovit promissory notes of the value of approximately $2,800, making the security double the value of the stock loaned by her to the bank. The Leesburg Bank, some time after this transaction, went under the control of the Superintendent of Banks of the state of Ohio for liquidation. Mrs. Sollars has not been paid the value of the stock she loaned to the bank, or was it returned to her by the bank, and the superintendent has refused to consider her claim for its agreed value. He instituted this action in replevin for the return of the four promissory notes which she holds as security. The case was submitted to the Court of Common Pleas, which entered a judgment dismissing the petition of the superintendent.

We have no means of knowing on what ground or theory the trial court reached its conclusion.

It is contended by the superintendent that the whole transaction between the bank and Mrs. Sollars was ultra vires, for the reason that the bank was not authorized by law to make the loan at the time it was concluded; that the bank at that time had secured in loans the amount allowed to it by law, and that the superintendent had not granted the bank the right to make the loan, or approved the transaction, and that Mrs. Sollars knew of this situation through her husband who was a director in the bank and who acted for her in making the loan.

The record shows that the loan was consummated on or about May 8, 1931, and that the instant case was filed on October 10 of that year; that Mrs. Sollars, on October 14, took a cognovit judgment in the Common Pleas Court of Ross County on two of the notes. By reason of this action by her the superintendent filed an amendment to the petition and a supplemental petition. In this supplemental petition the superintendent attacked the ownership of the two notes in question and alleged that Mrs. Sollars was not the lawful or legal owner of either of the notes; that their delivery to Mrs. Sollars was without any authority from the bank or the directors of the bank, but that the notes were delivered by the cashier of the bank to the husband of Mrs. Sollars and then later were delivered by the husband to his wife; that the notes were cognovit notes, and that by reason of the facts stated the Court of Common Pleas of Ross County was without any authority or jurisdiction to render such judgments, and that each of the judgments is null and void. It is further alleged that an execution had been issued by the defendant, Mrs. Sollars, on the judgments to the sheriff of Highland County, and that unless restrained by the court the sheriff would proceed to collect against the judgment debtors the amount of the judgments to satisfy the execution. The supplemental petition asks for an injunc-

tion restraining any further action on the judgments by the sheriff and that on a final hearing this injunction be made permanent.

It is manifest, we think, that this attempt by the superintendent amounts to nothing more than a collateral attack on the judgments rendered in Ross County. If this procedure should be recognized by the courts then all the rights of parties in judgments on cognovit notes may be settled by actions instituted and determined in courts other than the court in which the cognovit judgment was taken, and a field of litigation would be opened up which would practically destroy the rights which are given payees in notes of that character, and would render such notes practically worthless for the purposes intended.

We do not regard it as material whether the supplemental pleadings make a direct or a collateral attack on the judgments in question. The material fact is that the pleadings and the evidence show that the superintendent has in his possession the twenty shares of Procter & Gamble stock and seeks in this action to recover all of the pledged securities given to Mrs. Sollars, with no regard to her rights or claims. There is nothing, therefore, in this proceeding which appeals to a court of equity. There is not much to be said in favor of the effort to destroy all her rights, while leaving in the possession of the superintendent her property free from any claim under her contract with the bank.

This proceeding is one in error, and, as before observed, we have no means of knowing on what ground the trial court rendered its judgment. We do not know whether it concluded the contract between the parties was not ultra vires, or whether due to the confusion in the accounts of the bank and the very small amount over borrowed, the trial court found the transaction legal. At any rate, taking the record in its entirety, we are satisfied to affirm the judgment.

Judgment affirmed.

BLOSSER and McCURDY, JJ, concur.